UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ESSENCE WILLIAMS,

       Plaintiff,

v.                                      Case No. 1:11-CV-26

DELAMAR CAR CO.,                    HON. GORDON J. QUIST

       Defendant.

_____/

## OPINION

      Defendant moves pursuant to Fed. R. Civ. P. 60(b)(1) to set aside the default judgment this Court entered on May 12, 2011.  The Court concludes that oral argument is unnecessary.  For the following reasons, the Court will deny the motion.

### BACKGROUND

      Plaintiff filed her Complaint in this case on January 7, 2011, alleging that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the regulations thereunder, as well as the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq*., in connection with the sale of a motor vehicle to Plaintiff pursuant to a motor vehicle installment contract.  Plaintiff served Defendant by certified mail on January 11, 2011.  On or about February 1, 2011, Defendant's General Manager, Steven Bailey, attempted to file an answer on behalf of Defendant.  This Court entered an Order Rejecting Pleading on February 4, 2011, directing the Clerk to reject the proposed answer because Bailey was neither a party nor an attorney and thus was not allowed to file documents in this action.  Plaintiff served Defendant again on February 17, 2011, by personal service.

On March 17, 2011, the Clerk entered a default against Defendant.  Thereafter, on March 30, 2011, Plaintiff moved for entry of a default judgment.  The Court granted Plaintiff's motion and entered a default judgment against Defendant on May 12, 2011, in the amount of $34,555.20.

After the Court rejected the proposed answer that Bailey filed on behalf of Defendant on February 1, 2011, Defendant took no action to defend this lawsuit until it filed the instant motion to set aside the default judgment on September 28, 2011.  According to Plaintiff, however, Eduard Delamar contacted Plaintiff's counsel in early June 2011 regarding the status of the case.  (Pl.'s Br. in Opp'n at 2.)  In response, Plaintiff's counsel faxed Mr. Delamar a copy of the default judgment on June 6, 2011.  (*Id.*)

<h3 style="text-align:center">DISCUSSION</h3>

Pursuant to Rule 55(c), a court  "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  The scope of a district court's discretion under Rule 55(c) depends upon whether the defendant seeks to set aside a default or a default judgment.  A district court "enjoys considerable latitude under the 'good cause shown' standard of rule 55(c) to grant a defendant relief from a default entry."  *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Prop. & All Furnishings Known as Birdwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)).  A court considers three equitable factors in determining whether "good cause" has been shown:   "'(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'"  *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citing *United Coin Meter v Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983))).  A district court abuses its discretion by failing to set aside a default when two of the three *United Coin Meter* factors are present.  *O.J. Distrib.*, 340 F.3d at 353.

"On the other hand, when an entry of default has ripened into a default judgment, [the court] must consider the equitable factors first enunciated in *United Coin Meter* and determine whether the [defendant] has met the stricter requirements of Rule 60(b)." *Burrell*, 434 F.3d at 832 (citing *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996)).  This stricter standard of review is rooted in the public policy favoring the finality of judgments found in Rule 60(b).  *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (stating that "once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation").

Defendant argues that it is entitled to relief under Rule 60(b)(1), which allows a court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  In *Waifersong*, the Sixth Circuit held that a party seeking relief under Rule 60(b)(1) must demonstrate that its conduct was the result of one or more of these factors before it is permitted to demonstrate the two remaining *United Coin Meter* factors.  *Waifersong*, 976 F.2d at 292.  "[O]nly when the defendant can carry this burden . . . will he be permitted to demonstrate that he also can satisfy the other two [*United Coin Meter*] factors."  *Id.*  Stated differently, "the culpability of defendant's conduct must be examined."  *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987).  A defendant's conduct is culpable if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Id.* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).  The Sixth Circuit has cautioned, however, that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases."  *United Coin Meter*, 705 F.2d at 845.  Thus, this court must apply Rule 60(b)(1) "equitably and liberally . . . to achieve

3

substantial justice" and must resolve any doubt in favor of the defendant "so that [the case[] may be decided on [its] merits." *Id.* at 845-46.

In support of its motion, Defendant submits the affidavit of Eduard Delamar, the owner of Defendant.  Delamar states that "[t]he judgment was entered against the moving party due to mistake, inadvertence, or excusable neglect in not properly defending the cause of action." (Delamar Aff. ¶ 3.)  This conclusory allegation lacking any facts is the sole support for Defendant's motion.  Defendant argues in its brief that its conduct is not culpable because even though it was careless in defending the case, it has, "on its own volition, investigated the circumstances, acquired and reviewed the court file, and finally sought legal representation."  (Def.'s Br. Supp. at 6.) Defendant further claims that it did not intend to thwart the proceedings or act in disregard of them.

Contrary to Defendant's argument, the facts of record do not show that Defendant's conduct was not culpable.  It is undisputed both that Plaintiff served Defendant twice and that Defendant was fully aware of the lawsuit.  While Defendant did attempt to defend by having its General Manager file an answer on its behalf, the Order Rejecting Pleading, which explained the basis for the rejection, was sent to Defendant and alerted Defendant that it should seek legal advice because its attempted answer was ineffective.  Thereafter, Plaintiff served Defendant a second time, by personal service, and Defendant had more than an additional month to file an answer.  Instead, Defendant did nothing.  Even after the entry of default, Defendant had almost two months before the default judgment was entered, in which it could have moved to set aside the default.  Instead, it chose to do nothing; it did not seek legal advice or contact Plaintiff's counsel, but simply ignored the proceeding.  Such conduct does not constitute "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1).  *See Mfrs.' Indus. Relations Ass'n v. E. Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995) (reversing the district court's grant of the defendants' motion to set aside

default judgment, noting that "the defendants took *no* action during the five-month period between the filing of the complaint in federal court and entry of the default judgment" and "took *no action at all* until – 11 months after judgment – the plaintiff filed a collection suit in state court").

Although it is true that Eduard Delamar contacted Plaintiff's counsel in early June 2011, that fact does nothing to save Defendant from its own deliberate failure to take action. Defendant was aware of the default judgment as of June 6, 2011, but waited almost four months before filing a motion to set aside the default judgment. This conduct further demonstrates Defendant's refusal to take this proceeding seriously. *See Bds. of Trs. of the W. Mich. Plumbers, Fitters & Serv. Trades Local Union No. 174 Pension Plan v. Mich. Mech. Sys., Inc.*, No. 1:06-CV-676, 2008 WL 2774831, at *4 (W.D. Mich. July 14, 2008) ("Even after learning about the default judgment MMS waited an additional five-months before filing its motion to vacate the judgment. This delay is further evidence of MMS's disregard for the effect of its conduct on judicial proceedings."). Moreover, the Court rejects Defendant's argument that it did not ignore the proceedings because it sought legal advice and filed the instant motion. If filing of a motion to set aside default judgment itself were sufficient to show that a defendant has not ignored the proceedings, as Defendant suggests, no default judgment would ever stand. It is cases such as this – where the defaulting party, fully aware of the lawsuit, intentionally disregards the proceedings – that merit no relief. *Cf. Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002) ("St. Paul's counsel did not simply ignore the pleading deadlines, but repeatedly checked with the office of the district court clerk to determine whether service had been effected upon St. Paul and mistakenly relied upon the information obtained from the clerk.").

Having concluded that Defendant has failed to show that its delay was not the result of "mistake, inadvertence, surprise, or excusable neglect," the Court need not consider whether

5

Defendant has a meritorious defense and whether Plaintiff will be prejudiced if the judgment is vacated. *Waifersong*, 976 F.2d at 292.

CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to set aside default judgment.

An Order consistent with this Opinion will enter.

Dated:  November 23, 2011                              _____/s/ Gordon J. Quist_____
                                                                         GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE